IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GEORGE STEWART D/B/A CARIBE & ATLANTIC SALES CORP.,**       **Plaintiff,**<br><br>v.<br><br>**HUSQVARNA CONSTRUCTION PRODUCTS NORTH AMERICA, INC.,**       **Defendant** | **Civil No. 11-1182 (ADC)** |

## OPINION AND ORDER

Plaintiff, George Stewart d/b/a Caribe & Atlantic Sales Corp. ("plaintiff" or "CAS"), seeks monetary damages and equitable relief against defendant Husqvarna Construction Company Products of North America, Inc. ("defendant" or "Husqvarna") under Puerto Rico's Sales Representative Law No. 21 ("Law 21"), P.R. Laws Ann. tit. 10, § 279, *et seq.*, as well as for breach of contract and unjust enrichment. **ECF No. 9**.

Presently before the court is defendant's motion for judgment on the pleadings filed on May 16, 2011. **ECF No. 16.** On May 25, 2011, plaintiff opposes defendant's motion, and defendant filed a reply to plaintiff's opposition on June 2, 2011. **ECF Nos. 17, 20.** After a comprehensive review of the parties' submissions and the applicable law, the court **GRANTS-IN-PART** and **DENIES-IN-PART** defendant's motion.

I.   **Relevant Factual & Procedural Background**

The following facts arise from plaintiff's amended complaint. **ECF No. 9**.

Plaintiff claims that CAS was the exclusive sales representative for products supplied by Husqvarna and its predecessors in the Caribbean, Central and South America from 1993 until August 2, 2010, when plaintiff was allegedly terminated without just cause. *Id*. at ¶¶ 17, 24. As sales representative, plaintiff alleges that it "(1) negotiated exclusive contracts on behalf of Husqvarna on an ongoing basis; (2) operated in a defined territory or market; (3) established

and expanded the market of Husqvarna products (i.e., acquired customers); (4) received a monetary commission for its services, and (5) had entrepreneurial independence (e.g., incurred in operating expenses)." *Id*. at ¶ 23. CAS alleges that it developed the Spanish speaking market for the benefit of Husqvarna by participating in various events as a host, trainer, organizer and/or translator from English to Spanish. *Id*. at ¶ 13. CAS allegedly received several awards for its outstanding performance as a sales representative for Husqvarna. *Id*. at ¶ 15. Plaintiff asserts that as exclusive sales representative for Husqvarna, CAS incurred a total of $1,689,422 in expenses and procured a total of $25,092,886 in sales for defendant. *Id*. at ¶¶ 19, 22. In return for its acquisition and preservation of a portfolio of customers, developing a Latin American market and sales of Husqvarna's products, CAS alleges that it received a sales commission from defendant. *Id*. at ¶¶ 20-22. On August 2, 2010, Husqvarna terminated the exclusive sales representative contract with CAS, allegedly without just cause. *Id*. at ¶ 24.

## II. Standard of Review

The court decides a Rule 12(c) motion under the same standard it applies to Rule 12(b)(6) motions to dismiss. *Marrero-Gutiérrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). In evaluating plaintiff's complaint, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). The First Circuit Court of Appeals recently summarized the *Iqbal*[1]-*Twombly*[2] heightened pleading standard necessary to survive a motion to dismiss, stating that, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011).

In resolving a motion to dismiss, a court should employ a two-pronged approach: (1) identify and disregard statements in the complaint that merely offer "legal conclusions" or "threadbare recitals of the elements of a cause of action." *Id*. at 12 (quoting *Iqbal*, 129 S.Ct. at

---

[1] *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

1949–50 and *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); and (2) evaluate the facial plausibility of those non-conclusory, properly pled factual allegations in the complaint. *Ocasio-Hernández*, 640 F3d at 12 (citing *Iqbal*, 129 S.Ct. at 1949). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Ocasio-Hernández*, 640 F3d at 12 (quoting *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (internal quotation marks omitted).

After employing this two-pronged approach, "a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely." *Ocasio-Hernández*, 640 F3d at 13 (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

**III.    Discussion**

Defendant seeks dismissal pursuant to Federal Rule of Procedure 12(c), claiming that plaintiff's amended complaint fails to state a plausible claim under Law 21, general contract principles of Puerto Rico or the doctrine of unjust enrichment.  **ECF No. 16.**  Plaintiff opposes defendant's motion, claiming defendant's motion for judgment on the pleadings is untimely, that the amended complaint does state sufficient allegations to supports its claim under Law 21, and that it has both a breach of contract claim and a plausible alternative claim under the doctrine of unjust enrichment.  **ECF No. 17**.

Before addressing the plausibility of plaintiff's amended complaint, the court finds that defendant's motion for judgment on the pleadings is timely.  A judgment on the pleadings is to be made after the pleadings are closed, but within such time as not to delay trial. FED.R.CIV.P. 12(c).  Under Rule 12(c), the pleadings are closed when an answer is filed.  35A C.J.S. Federal Civil Procedure § 485.  Defendant filed its answer (**ECF No. 15**) before filing its motion for judgment on the pleadings, thus the pleadings were closed.  Further, trial is not delayed since a trial date has not been set for the instant case.  Thus, defendant's motion for judgment on the pleadings is timely.

**A. Law 21 Claim**

Defendant first asserts that plaintiff's amended complaint fails to establish that CAS procured and closed sales on Husqvarna's behalf in a defined territory within Puerto Rico on an exclusive basis, as required by Law 21. **ECF No. 16** at 2. In response, plaintiff contends that the amended complaint states sufficient facts to show that plaintiff is a sales representative under Puerto Rico law and had authority to procure sales orders in the relevant territory on an exclusive basis. **ECF No. 17.** The court agrees with plaintiff.

The Puerto Rico Legislature enacted Law 21 in 1990 to protect sales representatives from the unjust termination of their contracts. P.R. Laws Ann. tit. 10, §§ 279-279(h); *see also Orba Inc. v. MBR Industries, Inc.*, 49 F.Supp.2d 67, 71 (D.P.R.1999). The statute provides that "no principal or grantor may terminate [the principal-sales representative] relationship, or directly or indirectly perform any act that may impair the established relationship, or refuse to renew said contract . . . , except for just cause."[3] P.R. Laws Ann. tit. 10, § 279(a).

Under Law 21, a sales representative is "[a]n independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico." *Id.* § 279(a). The Puerto Rico Supreme Court further defined a sales representative protected under Law 21 as a business intermediary who: "(1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the principal's products through promotional efforts; (4) receives commissions for his services or a pay previously agreed upon

---

[3] "Just cause" is defined as "[n]oncompliance of any of the essential obligations of the sales representation contract by the sales representative, or any act or omission on his/her part that may adversely and substantially affect the interests of the principal or grantor in the development of the market or the sale of merchandise or services." P.R. Laws Ann. tit. 10, § 279(d).

by the parties; and (5) operates as an independent merchant." *IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 446 (1st Cir. 2010) (citing *Cruz-Marcano v. Sánchez-Tarazona,* 2007 TSPR 198, 172 D.P.R. 526).

In order to enjoy protection under Law 21, a sales representative must have the authority to procure and conclude orders that bind the principal. *IOM Corp.*, 627 F.3d at 448 (internal citations omitted). Further, a sales representative must show that it was entrusted with exclusive sales responsibilities within a defined territory. *Id*. Exclusivity "is generally apparent either from the contract or from the arrangements agreed upon between the parties." *Innovation Mktg. v. Tuffcare, Inc.*, 31 F.Supp. 2d 218, 221 (D.P.R. 1998) (citing *Ballester Hermanos, Inc. v. Campbell Soup, Co.*, 797 F.Supp. 103, 105 (D.P.R.1992) and *R.W. Intern. Copr. v. Welch Food, Inc.*, 13 F.3d 478 (1st Cir.1994)).

The court finds that plaintiff pled sufficient facts in its amended complaint to support the conclusion that CAS procured and closed sales on Husqvarna's behalf. Plaintiff alleges that "CAS acquired and preserved a portfolio of customers, developing a market and thus, providing substantial financial profit for Husqvarna." **ECF No. 9** at ¶ 20. Plaintiff's amended complaint provides a table, divided by year, amount and territory, of sales made on Husqvarna's behalf. *Id*. at ¶ 22. Additionally, plaintiff alleges that on May 5, 2009, Husqvarna certified in writing[4] that CAS was the exclusive agency that represented defendant in the Caribbean, Central and South America, thus establishing that CAS plausibly enjoyed exclusivity in its sales endeavors. *Id*. at ¶ 18. In sum, plaintiff's amended complaint states a plausible claim for relief under Law 21.

---

[4] Plaintiff provides an exhibit to support the allegation that Husqvarna certified in writing that CAS was the exclusive agency that represented Husqvarna in the Caribbean, Central and South America. ECF No. 9, Exhibit 1. Plaintiff also includes four exhibits in its opposition to the motion for judgment on the pleadings. ECF No. 17. However, the court will refrain from considering documents outside the four corners of the complaint at this stage in the proceedings. *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir.2008)) (" When ruling on a . . . motion to dismiss, a district court is generally limited to considering 'facts and documents that are part of or incorporated into the complaint.'")

### B. Breach of Contract Claim

Next, defendant seeks dismissal of plaintiff's breach of contract claim, asserting that the sales representation contract between the two parties was terminable at will under Puerto Rico general contract law. **ECF No. 16** at 2. Plaintiff counters that Law 21 does not require a specific term of duration of the sales representative contract. **ECF No. 17** at 9. The court agrees with defendant, albeit for a different reason.

While the plain language of Law 21 does not specify the need for a specific term of duration in sales representation contracts, case law from the precursor to Law 21, the Puerto Rico Dealers Act,[5] has held that without alleging a specific length of time in a distributorship agreement, either party was at liberty to rescind the agreement at any time without cause or justification. *Castillo v. Smart Products, Inc.*, 289 F. Supp. 138 (D.P.R. 1968). The *Castillo* court granted a motion to dismiss the breach of contract claim because the claim did not allege a term of duration for the distributorship agreement. *Id.*

Because the amended complaint alleges no term of duration for the sales representation agreement between CAS and Husqvarna, it follows that said agreement was terminable at will. Thus, plaintiff's amended complaint fails to state a breach of contract claim upon which relief could be granted under Law 21.

### C. Unjust Enrichment Claim

Finally, defendant seeks dismissal of plaintiff's claim for unjust enrichment, contending that unjust enrichment is a remedy only available when no other law applies. **ECF No. 16** at 3. Plaintiff contends that the unjust enrichment claim represents the portion of its claim not covered by Law 21 for territories outside of Puerto Rico. **ECF No. 17** at 10. Claims for unjust enrichment are only available when there is an absence of remedy provided by law. *See* P.R.

---

[5] Law 21 "is modeled on the Puerto Rico Dealers Act of 1964, P.R. Laws Ann. tit. 10, §§ 278-278e ("Law 75"), which provides similar protections to distributors." *Rafael Rodríguez Barril v. Conbraco Indus., Inc.*, 619 F.3d 90, 93-94 (1st Cir. 2010). Accordingly, it is well settled that jurisprudence applicable to Law 75 also applies to controversies under Law 21. *Innovation Marketing*, 31 F. Supp. 2d at 220.

Civil No. 11-1182 (ADC) Page -7-

Laws Ann. tit. 31, § 5091; *Ocaso, S.A., Compañía De Seguros Y Reaseguros v. Puerto Rico Mar. Shipping Auth.*, 915 F. Supp. 1244, 1263 (D.P.R. 1996) (quoting *Medina & Medina v. Country Pride Foods Ltd.*, 631 F.Supp. 293, 302 (D.P.R.1986) *aff'd*. 901 F.2d 181 (1st Cir.1990)) ("[C]laims for unjust enrichment are 'subsidiary in nature and will only be available in situations where there is no available action to seek relief.'"). At this early stage in the proceedings and in the interest of judicial economy, the court will not assess the plausibility of plaintiff's unjust enrichment claim, since its availability is highly contingent on the success of plaintiff's Law 21 claim.

## IV.  Conclusion

For the foregoing reasons, the court **GRANTS-IN-PART** and **DENIES-IN-PART** defendant's motions for judgment on the pleadings at **ECF No. 16** as follows:

1. Defendant's motions for judgment as to plaintiff's Law 21 claim is **DENIED**.
2. Defendant's motions for judgment as to plaintiff's breach of contract claim is **GRANTED**. Accordingly, plaintiff's breach of contract claim is **DISMISSED**.
3. Defendant's motions for judgment as to plaintiff's unjust enrichment claim is **DENIED**.

**SO ORDERED.**

At San Juan, Puerto Rico on this 20th day of July, 2011.

**S/ AIDA M. DELGADO-COLON**
**Chief, U. S. District Judge**