IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GEORGE STEWART D/B/A CARIBE &
ATLANTIC SALES CORP.,

    Plaintiff,

    v.                                         CIVIL NO. 11-1182 (CVR)

HUSQVARNA CONSTRUCTION PRODUCTS
NORTH AMERICA, INC.,

    Defendant.

## OPINION AND ORDER

### INTRODUCTION

Plaintiff George Stewart (hereafter "Stewart") filed this claim against defendant Husqvarna Construction Products North America, Inc. (hereafter "Husqvarna") alleging their commercial relationship was unjustly terminated under the Puerto Rico Sales Representative Act.[1] (Docket No. 15). Plaintiff Stewart also raised breach of contract and unjust enrichment claims.[2]

Defendant Husqvarna filed a Motion for Summary Judgment stating plaintiff Stewart was not an exclusive sales representative and was not compensated for his sales efforts but rather received at times a fixed payment, which are requisites for Law No. 21 to apply. Defendant submits the unjust enrichment claim, an equitable relief, is unavailable

---

[1] Act No. 21 of December 21, 1990, 10 P.R. Laws Ann. §§279-279h, known as Law No. 21, the Sales Representative Act.

[2] On July 22, 2011, the Court dismissed the breach of contract cause of action through an Opinion and Order issued by Hon. Chief Judge Aida M. Delgado-Colón. Thereafter, the parties consented to jurisdiction by a Magistrate Judge.

for the parties were covered by the contract between the parties, which governs their relationship. (Docket No. 83).

Plaintiff Stewart submitted his opposition to defendant Husqvarna's request for summary disposition arguing there are genuine issues of material fact in controversy for which movant Husqvarna is not be entitled to summary judgment. Plaintiff also disputes defendant Husqvarna's submission stating his Second Amended Complaint clearly establishes an unjust enrichment claim which emanates from defendant Husqvarna having terminated, without just cause, its contractual relationship with plaintiff and continuing to derive benefits from plaintiff's efforts and work in the market Stewart previously developed. (Docket No. 85).

Husqvarna then filed, with leave of Court, a reply, with a statement in opposition to plaintiff Stewart's statements of material facts. (Docket Nos. 94 and 95). Having granted plaintiff's request for leave to file a sur-reply, the same was filed as to both propositions, exclusivity and unjust enrichment claims defendant Husqvarna seeks to obtain summary disposition. (Docket No. 101).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing that there is "no genuinely disputed." issues of fact. The

party may also sow that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997) (the standards for granting summary judgment remains unchanged under the 2010 amendments).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 4 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 4

## FINDINGS OF FACTS

**A. Defendant's Uncontested Facts.**

Defendant Husqvarna submits plaintiff Stewart was not an exclusive sales representative and, as such, is not protected under Law No. 21. As to the unjust enrichment claim, summary judgment is requested for, if there was a contractual relationship between the parties, unjust enrichment, an equitable form of relief, is not available.

Specifically, Husqvarna claims plaintiff's submissions to support its position, except for Stewart's assertion, failed to establish the required exclusivity in their business relations. Defendant also argues Law No. 21 does not apply for plaintiff Stewart received a fixed percentage of overall sales, regardless if he procured or concluded the sales which did not involve compensation for its sales efforts as required for Law No. 21. Defendant in summary argues, as to said issue, that Law No. 21's criteria is to protect plaintiff all commissions entitlement which are to be paid for the sales efforts and not under the fixed percentage of overall product sales in Puerto Rico, that is, whether plaintiff procured or concluded the sales. Since there was evidence that plaintiff Stewart was compensated, on occasions, whether he generated or not the final sales on those orders that were placed directly with defendant Husqvarna, it is argued that Law No. 21 should not apply either for there was payment regardless of no effort made.

Defendant Husqvarna admits plaintiff Stewart, d/b/a Caribe & Atlantic Sales Company, began a commercial relationship with Husqvarna's predecessor companies,

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 5

Target, in 1993 to represent Husqvarna in Puerto Rico and other countries in the Caribbean and Latin America. (Deft's Uncontested ¶3; Stewart's depo., pp. 13-15, 20, 26-27, 31-32; Mendizabal's depo., p. 50).

Defendant Husqvarna states the parties' commercial relationship was documented in a contract subscribed on July 15, 1994. (Deft's Uncontested ¶ 4; Exhibit 3, pp. 29-33, 101-103; Exhibit 3, Mendizabal's depo., pp. 7, 9-10). Changes to their commercial relationship came in the form of changes to the commission rates and the territory Stewart could sell. The contract had no term of duration and was terminable at will. Husqvarna terminated its relationship with Stewart on August 2, 2010. (Deft's Uncontested ¶¶ 5-7; and the corresponding specific citations to documents in support). [3]

It is uncontested that, at all times during the business relationship between plaintiff Stewart and defendant Husqvarna, the latter directly quoted, priced and sold its products in Puerto Rico. In consequence thereof, Husqvarna avers plaintiff Stewart does not meet the criteria of Law No. 21 sales representative definition for he would be required to show that he exclusively promoted and processed contracts on behalf of the principle. On this issue defendant Husqvarna states that, to be a sales representative under Law No. 21, neither the principal, that is, Husqvarna nor third parties, are allowed to sell products in the same territory or market in which the sales representative operates. The placing of orders directly to Husqvarna, although the full commissions were paid to plaintiff Stewart,

---

[3] *See* Deft's Exhibit 5, Stewart's depo. pp. 35– 36, 41–44; Exhibit 4, Stewart's depo.; Mendizabal's depo. pp. 7, 9-11, 13, 45, 84-87; Exhibits 3, 6, Stewart's depo.; Docket No. 28, Opinion & Order, p. 6; Exhibit 7, Stewart's depo., pp. 7-8; Exhibit 21, p. 1, Stewart's depo.

caused the sales representative contract not to be exclusive and, thus, not governed by Law No. 21.

None of the facts presented by defendant Husqvarna in its statement of uncontested facts are indeed demonstrative of the exclusivity or, as claimed to support its summary judgment request, the non-exclusivity, of the business contract and/or commercial relationship between the parties to this action. In fact, plaintiff's opposition and statement of facts as to the exclusivity or non-exclusivity of their business relationship is a relevant and contested issue of fact, as explained herein below.

**B. Plaintiff's Contested/Uncontested Facts.**

    **1. Law No. 21.**

Plaintiff Stewart's opposition challenges Husqvarna's uncontested statements regarding the issue of not being the exclusive sales representative of Husqvarna and as argued by defendant, not covered under Law No. 21. The deposition testimony of Mauricio Mendizabal, former International Sales Manager at Husqvarna, referred to the exclusivity of Stewart for Husqvarna's product which business relation lasted from 1994 to 2010. (Docket No. 85, Exhibit A). Additionally, Mendizabal clarified the reasons why Husqvarna needed to be involved with the purchaser so that customer service to provide support and facilitate international shipping. (Docket No. 86, Plaintiff's Exhibit O).

Federico Samaniego, former Customer Service Representative of Husqvarna, also indicated in his sworn statement plaintiff Stewart was considered the exclusive sales

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 7 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 7

representative in the identified territory – Latin America, Central America, South America, Puerto Rico and the Caribbean– reason for which he received a commission on any sale of Husqvarna's products generated in the area. (Docket No. 86, Plaintiff's Exhibit C).

The testimony of Stewart on the issue of exclusivity is also submitted to contest the non-exclusivity allegation raised by defendant Husqvarna. (Docket No. 86, Plaintiff's Exhibit G, Stewart's depo. p. 74, "I was an exclusive representative, there could not be another company in said territory selling the same product.").

Thus, plaintiff Stewart has presented genuine issues of material fact in controversy which do not allow summary adjudication of Law No. 21 for lack of exclusivity.

Defendant Husqvarna avails itself of the argument as to direct sales and payment of commissions as evidence that plaintiff Stewart was not being compensated for his sales efforts, but on a fixed commission, and thus should not be covered by Law No. 21. Plaintiff Stewart submitted its sales efforts throughout some eighteen (18) years with defendant's products were recognized by defendant's former Sales Manager Mendizabal and Customer Service Representative Samaniego for which any sales of Husqvarna's products in those territories reasonably belonged to Stewart. (Docket No. 86, Plaintiff's Exhibit C). Samaniego further indicated having knowledge that each and every one of the customers in the market described were obtained by the sole effort of Stewart, who retained the right of title and ownership of the customer base and market territory for which he was to receive a commission on every sale conducted of Husqvarna's products. (Docket No. 86, Plaintiff's Exhibit J). Stewart was also recognized for having developed one hundred percent the customer base. (Docket No. 86, Plaintiff's Exhibit I).

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 8 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 8

Plaintiff Stewart's opposition admitted that, at the times, Husqvarna would directly sell when he was not available and/or orders were placed by a customer within its territory, including Puerto Rico. Regardless of plaintiff Stewart's actions in closing those sales, he would still receive the corresponding commission on the sale made within his designated territory. These payments of commissions, as to all sales in the designated territories, defeat defendant's statement of Stewart not being considered the sole and exclusive representative of its products within the territory or at the least raises a genuine issue of contested fact in controversy that is not merely colorable that cuts both ways for defendant's allegation as to paying the fixed commission and for plaintiff Stewart receiving payment of any sales within his territory upon being recognized as the exclusive sales representative for those products in the designated territory.

Insofar as some reasons for at times Husqvarna's conducting direct sales, Mendizabal attested that, due to the nature of the international shipping, Husqvarna was responsible for the delivery of the products. Such was the reason for defendant's customer service representative to be involved in the sales. On this issue, plaintiff's sur-reply addressed Kerry Bradford's email of May 13, 2009, that defendant Husqvarna was to work directly "only those that you cannot handle", that is, the "less likely for mishaps." (Plaintiff's Exhibit P, Docket No. 86; Exhibit A, Docket No. 101). Thus, Husqvarna's Customer Service was to provide support only, without altering the agreement between the parties. (Docket No. 86; Plaintiff's Exhibit K, O, P and Docket No. 101, Exhibit 1).

Pursuant to above, and as explained below in more detail, there are genuine issues of material fact in controversy on the issue of direct sales made by Husqvarna, as to which

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 9

it always paid the corresponding commission to plaintiff Stewart, that would preclude summary adjudication on exclusivity of their business relation.[4]

**2. Unjust Enrichment.**

Husqvarna also requests summary judgment as to plaintiff Stewart's claim of unjust enrichment. Defendant submits such claim is unavailable when a contractual relationship existed between the parties for said claim in equity may stand only where no other legal provision applies to the case. The unjust enrichment claim was brought to cover claims of loss of sales or income regarding areas of the Caribbean and Latin American for Law No. 21 does not cover territories outside of Puerto Rico. (Docket No. 83, p. 12). *See* Puerto Rico Telephone Co., Inc. v. SprintCom, Inc., 662 F.3d 74 (1st Cir. 2011) (under Puerto Rico law, the undue enrichment doctrine is not applicable where there is a legal precept, *e.g.*, a binding agreement, that excludes the application of such doctrine).

Plaintiff Stewart's opposition as to the unjust enrichment claim being summarily dismissed merely rehashes that, in equity, plaintiff should be entitled to relief upon defendant's deprivation of his right and property. Plaintiff Stewart then argues its substantial contribution to the property of defendant Husqvarna, without further legal arguments of its entitlement to the former relief.

Without need to entertain any factual dispute as to unjust enrichment, for there is none, defendant Husqvarna's contention is legally sound for it is an equitable relief available in situations where there is no available action to seek relief as discussed below.

---

[4] The 1994 contract submitted does not address in particular the issue of exclusivity but neither does it grant Husqvarna the right to make direct sales and compete with plaintiff Stewart in the designated territories.

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 10 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 10

**LEGAL DISCUSSION**

**A.   Law 21.**

Law 21 was enacted to protect sales representatives and other local agents who fell short of the requirements for "dealership" status under Law 75. A sales representative is an independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico. Re-Ace, Inc. v. Wheeled Coach Industries, Inc., 363 F.3d 51, 57 (1st Cir. 2004). It was modeled closely on Law 75 and, with limited exceptions, provides identical remedies and applies only to sales representative contracts formed after December 5, 1990. 10 P.R. Laws Ann. § 279(a). A "sales representation contract," in turn, is defined as follows:

> The agreement established between a sales representative and a principal, through which ... the party of the first part commits himself to making a reasonable effort and due diligence in the creation or expansion of a market which is favorable for the products that the principal sells, directed at capturing clientele to offer it a product or service marketed by him in Puerto Rico, and the party of the second part is bound to comply with the commitments that may result from the sales representative's efforts and coordination and to pay the previously-accorded commission or remuneration. 10 P.R. Laws Ann. § 279(c).

The Puerto Rico Supreme Court decision in Cruz-Marcano v. Sánchez-Tarazona, 2007 TSPR 198, 172 D.P.R. 526, 2007 WL 4171221, 2007 PR Sup. LEXIS 190, provides that a sales representative is a business intermediary who: (1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 11

principal's products through promotional efforts; (4) receives commissions for his services or a pay previously agreed upon by the parties; and (5) operates as an independent merchant. *See* IOM Corp. v. Brown Forman Corp., 627 F.3d 440 (1st Cir. 2010).

Defendant Husqvarna's main argument for summary judgment as to claim of Law No. 21 by plaintiff Stewart deals with the lack of exclusivity of their business relation and/or contractual nature, which will foreclose any Law No. 21 protection. Defendant Husqvarna in its reply has contested the statement of plaintiff Stewart as to exclusivity be considered inadmissible and uncorroborated hearsay statements. (Docket No. 95).

However, under the Rules of Civil Procedure on requirements of affidavits supporting or opposing summary judgment ordinarily must be applied to each segment of an affidavit not to the affidavit as a whole and personal knowledge is the touchstone of the statement offered. Pérez v. Volvo Car Corp., 247 F.3d 303 (1st Cir. 2001). On summary judgment, an affidavit based on personal knowledge and an affirmative showing the affiant is competent to testify on the matters stated in said document, is sufficient to contest the issues of facts and raise the required controversy as to the existence of genuine issues of disputed facts to defeat summary adjudication. Nieves-Luciano v. Hernández-Torres, 397 F.3d 1 (1st Cir. 2005); Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46 (1st Cir. 2000) (even if affidavit seems self-serving, it provided specific factual information –not merely reiterating the allegations of the complaint–, based on personal knowledge to defeat summary judgment).

As above presented in plaintiff's opposition, both from the available statements of defendant Husqvarna's former executives and from plaintiff Stewart's own statements, as presented in their sworn deposition testimonies, there are genuine issues of material fact in controversy regarding the nature of the parties' business relation, whether exclusive or non-exclusive.

Additionally, plaintiff Stewart was compensated for his sales efforts as to customers within the concerned territory, regardless of how and when the orders were placed with Husqvarna. Evidently, Stewart did not object to the principal's conduct since it received all the commissions it was due for each time a direct sale was effected. The payment of these commissions may militate in favor of Stewart's claim of exclusivity in the relationship with Husqvarna, for exclusivity can be generally apparent either from the contract or from the arrangements between the parties and their conduct. R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478 (1st Cir.1994); Ballester Hermanos, Inc. v. Campbell Soup, Co., 797 F.Supp. 103, 105 (D. Puerto Rico 1992). *See* González v. Hurley Intern., Inc., slip copy, 2011 WL 4856454 (D. Puerto Rico 2011). Thus, since Husqvarna considered it was bound to pay plaintiff Stewart commissions for all sales in the territory, said payment could be also disputed evidence as to exclusivity of being a sale representative for defendant's products.

In turn, we note not all instances of direct sales by a principal are considered to defeat exclusivity. As an example, under Law No. 75, it has been ruled that, the fact that the principal sold directly to some of the customers within the territory by itself does not demonstrate lack of exclusivity being breached on the contested factual issues in

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 13 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 13

controversy that were presented and developed when dealing with Law No. 75. *See* Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313 (1st Cir. 1999) where regardless of direct sales by a third-party, which was unknown to the principal based on by error of a third party infomercial broadcasted by cable television in the exclusive distributor's territory, the principal was not held accountable for interference by third parties until placed on notice its products were reaching the area of limited distribution and had to take prompt positive action to curtail the practice.[5] Thus, upon the similarities in the application of Law No. 75 and Law No. 21 jurisprudence, not all instances of direct sales by a principal are considered to defeat exclusivity.[6]

On the argument that plaintiff Stewart was compensated by a fixed commission instead of the sales efforts, the materiality of a disputed fact is determined through reference to the applicable substantive law.[7] An examination of the Puerto Rico's Sales Representative Act, Law No. 21, shows that a sales representative is responsible for creating or expanding the market for the principal's products through promotional efforts and receives commissions for his services or a pay previously agreed upon by the parties. IOM Corp. v. Brown Forman Corp., 627 F.3d at 446. It is uncontested Stewart is not an

---

[5] This Court recognizes that IOM Corp, v. Brown Forman Corp., 627 F.3d at 440 referred to the exclusivity requirement being met when neither the principal nor third parties are allowed to sell in the territory. Plaintiff Stewart's deposition referred to having prior knowledge or having arranged for the placement of these orders. However, there are also controversies of fact that the orders directly placed with Husqvarna were for the benefit of both parties as to allow for international shipping and as to which commissions were paid to plaintiff. These actions do not necessarily modify the business relations that existed between the parties, which is also subject to disputed facts since lack of exclusivity argued by defendant Husqvarna is contested on other grounds.

[6] Law No. 21 is modeled after the Dealer's Contract Law, also known as Law No. 75, and it is well settled that applicable jurisprudence to Law 75 is also of application in controversies of Law No. 21. *See* Innovation Marketing v. Tuffcare Inc., 31 F.Supp.2d 218 (D.P.R. 1998).

[7] Anderson v. Liberty Lobby, 447 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 14

employee of defendant Husqvarna for whom a fixed remuneration would apply. The commissions paid to plaintiff, as recognized by defendant's former employees, stem from a recognition that Stewart had indeed developed the clients' base for Husqvarna's products and the sales had originated from the territory assigned to plaintiff Stewart. Thus, there is no dispute that Stewart was an independent entrepreneur who established a sales representation contract (which exclusive or non-exclusive nature is disputed for summary judgment) with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico and that Stewart has made reasonable efforts and due diligence in the creating or expanding a market favorable for the products of the principal.

There is no need to discuss other factual issues in controversy for the ones presented and discussed above are sufficient to defeat summary judgment as to Law No. 21 application to the Puerto Rico market.[8]

In view of the foregoing, summary judgment is DENIED as to the Sales Representative Act claim (Law No. 21) for are genuine issues of material fact in controversy.

**B.   Unjust Enrichment.**

In turn, the unjust enrichment claim requires several elements to be present; (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the

---

[8] In the reply to plaintiff's opposition, Husqvarna presented for the first time having just cause for the termination of the contract. (Docket No. 95; Defendant's reply, opposing statement sixth and eighth, pp. 9, 11). This *brevis* contention need not be addressed at this juncture for being not only a possible defense to the termination but also a contested issue of material fact upon plaintiff's eighth opposing statement of material fact and its sur-reply. (Docket No. 101).

Case 3:11-cv-01182-CVR   Document 104   Filed 05/04/12   Page 15 of 16

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 15

impoverishment, (4) the absence of justification and (5) **the absence of a remedy provided by law**. (*Emphasis supplied*). Wiley v. Stipes, 595 F.Supp.2d 179, 188 (D. Puerto Rico 2009); Hatton v. Municipality of Ponce, 134 D.P.R. 1001, 1010 (1994); 1994 P.R. -Eng. 909,605.

Succinctly, the unjust enrichment claim is one subject to dismissal on summary adjudication for it is a doctrine based in equity to do justice in the absence of a contractual or legal obligation and will not be available to plaintiff Stewart in the factual scenario at hand. Medina & Medina v. Country Pride Foods Ltd., 631 F.Supp. 293, 298 (D.P.R. 1986).

Clearly in the present case, the parties' contention is as to the existence of a sales representative contract or at least a contractual relationship for sales representative of merchandise and products between the parties, which dispute at this juncture is solely that plaintiff Stewart considers same exclusive and defendant Husqvarna considers same as non-exclusive. Plaintiff Stewart submitted there was a contract with defendant between 1994 and 2010. Defendant argues the contractual relationship was non-exclusive and should not be considered a sales representative agreement under Law No. 21, but that however, said contract was terminated in 2010 for being one subject to termination upon notice, that is, without fixed date and terminable at will.

An equitable relief, such as unjust enrichment, is not available when there is a contractual relationship, for there is other available form of relief. Unjust enrichment involves recovery and/or restitution for the value of a benefit retained when there is no contractual relationship and on grounds of fairness and justice, wherein the law compels

George Stewart et al., v. Husqvarna Construction Products North America, Inc.
Civil No. 11-1182 (CVR)
Opinion and Order
Page No. 16

performance of a legal and moral duty to pay. Restitution is founded on concept of unjust enrichment.[9] In Puerto Rico, undue enrichment doctrine is not applicable where there is a legal precept, such as a binding agreement, which excludes the application of said doctrine. Puerto Rico Telephone Co., Inc. v. SprintCom, Inc., 662 F.3d 74 (1st Cir. 2011).

In the absence of a factual issue in dispute as to the existence of a contract between the parties upon which plaintiff may seek proper relief, the unjust enrichment claim would be unavailable as an equitable relief and summary dismissal of said claim is warranted.

## CONCLUSION

In view of the above, defendant Husqvarna's Motion for Summary Judgment (Docket No. 83) is GRANTED IN PART and DENIED IN PART as follows:

- Summary judgment is GRANTED as to the unjust enrichment claim.

- Summary judgment is DENIED as to the Sales Representative Act claim (Law No. 21) for genuine issues of material fact in controversy.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of May of 2012.

        s/**CAMILLE L. VELEZ-RIVE**
        **CAMILLE L. VELEZ-RIVE**
        **UNITED STATES MAGISTRATE JUDGE**

---

[9] Article 1795 of the Civil Code, 2 P.R. Laws Ann. tit. 31, § 5121 establishes: "… [i]f a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same."